UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

LIESHA GONZALEZ, JOSE A. DELGADO, LIESHA DELGADO and JASON SANCHEZ,

                       Plaintiffs,

             -against-

CITY OF NEW YORK; JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                       Defendants.

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

12 CV 2776 (JG) (RML)

------------------------------------------------------------------ x

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.      This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.      Plaintiffs demand a trial by jury in this action.

## PARTIES

7.      Plaintiff Liesha Gonzalez ("Ms. Gonzalez") was, at all relevant times, a resident of the State of New York.

8.      Plaintiff Jose A. Delgado ("Mr. Delgado") was, at all relevant times, a resident of the State of New York.

9.      Plaintiff Liesha Delgado ("Ms. Delgado") was, at all relevant times, a resident of the State of New York.

10.     Plaintiff Jason Sanchez ("Mr. Sanchez") was, at all relevant times, a resident of the State of New York.

11.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

12. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

13. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

14. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

15. At or about 6:30 a.m. on March 4, 2011, plaintiffs were lawfully in their home at 80 West 170th Street, Apartment 2A, Bronx, New York.

16. Defendant officers stormed into plaintiffs' home and assaulted, beat and battered them.

17. If defendants had a search warrant for the apartment, it was issued upon the basis of extremely unreliable information, and the police did not follow NYPD policies and procedures in obtaining and executing such a warrant. Revised NYPD policies and procedures were instituted after the tragic death of Ms. Alberta Spruill

during a raid in Harlem in May 2003 to ensure the reliability of the NYPD's information before obtaining and executing search warrants.

18. Only partially clothed, Ms. Gonzalez was dragged from her bedroom into the living room where defendants further abused plaintiffs.

19. No contraband was recovered from plaintiffs.

20. The officers falsely arrested plaintiffs.

21. Plaintiffs were put into a prisoner van and driven around for approximately five hours.

22. Eventually, plaintiffs were taken to the 52nd Precinct and held there for several hours.

23. Plaintiffs were taken to Bronx Central Booking.

24. Defendant officers misrepresented to the Bronx County District Attorney's Office that plaintiffs had committed criminal offenses and fabricated police paperwork and documentation to that effect, including arrest reports.

25. After being held for approximately forty-two hours, Ms. Gonzalez was released from Bronx Central Booking without seeing a judge.

26. Upon information and belief, the District Attorney declined to prosecute Ms. Gonzalez.

27. After being held for approximately forty-two hours, Ms. Delgado was arraigned and released on her own recognizance.

28. Ms. Delgado was forced to make approximately three court appearances before the false charges levied against her were dismissed in their entirety in or about August 2011.

29. After being held for approximately forty-two hours, Mr. Delgado was arraigned and bail was imposed.

30. Mr. Delgado was unable to make bail and was taken to Riker's Island where he remained for approximately two weeks.

31. Mr. Delgado eventually made bail and was compelled to appear in criminal court to fight the false charges levied against him until they were dismissed in their entirety in or about August 2011.

32. Within ninety days after the claims alleged in this Complaint arose, a written notice of claim was duly served upon defendants.

33. At least thirty days have elapsed since the service of the notice of claim and adjustment or payment of the claim has been neglected or refused.

34. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

35. Plaintiffs suffered damages as a result of defendants' conduct. Plaintiffs were deprived of their liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, physical injury, fear, anxiety, humiliation, embarrassment and loss of reputation.

## FIRST CLAIM
### Unlawful Entry and Search

36. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

37. Defendants violated the Fourth and Fourteenth Amendments because they entered plaintiffs' home and searched them without reasonable suspicion.

38. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

39. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

40. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

41. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

42. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

43. By their conduct, as described herein, the individual defendants are liable to plaintiffs for falsely imprisoning and falsely arresting plaintiffs.

44. Plaintiffs were conscious of their confinement.

45. Plaintiffs did not consent to their confinement.

46. Plaintiffs' confinement was not otherwise privileged.

47. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

48. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

49. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

50. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

7

51. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

52. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

53. By their conduct, as described herein, the defendants are liable to plaintiffs for having assaulted and battered them.

54. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

55. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## SIXTH CLAIM
### Malicious Prosecution

56. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

57. Upon information and belief, by their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiffs under 42 U.S.C. §

1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

58.  Upon information and belief, defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiffs of their constitutional rights.  The prosecution by defendants of plaintiffs constituted malicious prosecution in that there was no basis for their arrests, yet defendants continued with the prosecution, which, upon information and belief, was resolved in plaintiffs' favor.

59.  As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SEVENTH CLAIM
### Denial Of Constitutional Right To Fair Trial

60.  Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

61.  The individual defendants created false evidence against plaintiffs.

62.  The individual defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

63. In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

64. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore allege.

## EIGHTH CLAIM
### Negligent Hiring, Training, Retention Of Employment Services

65. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

66. Defendant City, through the NYPD, owed a duty of care to plaintiffs to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiffs or to those in a like situation would probably result from the foregoing conduct.

67. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

68. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

69. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiffs' injuries.

70. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Failure to Intervene

71. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

72. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

73. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

74. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   August 29, 2012
         New York, New York

>                             HARVIS MARINELLI
>                             SALEEM & WRIGHT LLP
>
>                             _____
>                             Gabriel P. Harvis
>                             305 Broadway, 14th Floor
>                             New York, New York 10007
>                             (212) 323-6880
>                             gharvis@hmswlaw.com
>
>                             *Attorney for plaintiffs*