

305 Broadway, 14th Floor
New York, New York 10007
Tel: (212) 323-6880
Fax: (212) 323-6881
www.hwsflegal.com

Gabriel P. Harvis
gharvis@hwsflegal.com
Christopher D. Wright
cwright@hwsflegal.com
Afsaan Saleem
asaleem@hwsflegal.com
Baree N. Fett
bfett@hwsflegal.com

April 25, 2013

**BY ECF**
Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Gonzalez, et al. v. City of New York, et al.*, 12 CV 2776 (JG) (RML)

Your Honor:

    I represent plaintiffs in the above-referenced matter. I write to respectfully request entry of: (i) a protective order pursuant to Fed. R. Civ. P. 26(c)(1); and (ii) an order compelling the production of outstanding discovery.

Background

    By letter dated April 18, 2013, defendants move to compel plaintiff Jason Sanchez's deposition. Defendants' purported justification is that they seek to prevent Sanchez from "tailoring" his testimony to officer photographs, which they have refused to produce.[1] As the Court is aware, the parties are in the midst of document discovery and, as discussed herein, many basic documents such as command log and memo book entries remain outstanding. Additionally, as explained in plaintiffs' prior submissions, defendants' effort to "test" plaintiffs' ability to describe the officers before producing photographs has been repeatedly rejected in this Circuit. Accordingly, plaintiffs respectfully request a protective order pursuant to Fed. R. Civ. P. 26(c)(1) staying party depositions until the outstanding documentation of the plaintiffs' arrests has been produced.

Plaintiffs Have Good Cause For a Protective Order

    Pursuant to Fed. R. Civ. P. 26(c)(1), a district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or

---

[1] Defendants do not explain why they seek to compel only plaintiff Sanchez's deposition.

undue burden or expense," including "specifying terms…for the disclosure or discovery." FED. R. CIV. P. 26(c)(1)(B).

"In a majority of cases, interrogatory and document discovery are completed prior to depositions." *Hogan v. DC Comics*, 96-CV-1749 (DNH), 1997 WL 570871, *6 (N.D.N.Y. Sept. 9, 1997). As detailed below, in addition to the failure to disclose photographs and disciplinary records discussed in plaintiffs' letters dated April 11 and 22, 2013, defendants have failed to produce whole categories of basic discovery relating to plaintiffs' arrests, including the handwritten arrest and complaint reports, the officers' memo books, the command log entries, documentation of where the contraband was allegedly recovered in the apartment and the contraband itself, including documents which may contain statements allegedly attributed to the plaintiffs.

Plaintiffs do not object to the taking of their depositions within the allotted discovery period. However, for the reasons set forth in their prior letters, they should not be required to submit to what amount to criminal identification procedures before receiving the requested photographs.[2] Further, plaintiffs and counsel should be permitted to review the relevant documentation from the incident – especially documents that may contain plaintiffs' statements and detail the criminal conduct defendants ascribe to them – before submitting to depositions. *See id.* at *7-8 (requiring production of documents prior to deposition).[3] For these reasons, plaintiffs respectfully request that they be permitted to receive the outstanding incident-related discovery before submitting to depositions.

Motion to Compel

Plaintiffs first requested the following documents in the document requests they served in October 2012. *See* Exhibit 1 to Pls. Ltr. dated April 11, 2013. Defendants did not produce them with their discovery responses. Thus, by letter

---

[2] It is unclear in what manner plaintiffs could conceivably "tailor" their testimonyy to the photograph of an individual police officer. In any event, defendants may not condition their production of photographs upon the taking of plaintiffs' depositions. *See Land Ocean Logistics, Inc. v. Aqua Gulf Corp.,* 181 F.R.D. 229, 235 (W.D.N.Y. 1998).

[3] Defendants' reliance on *Convermat* is entirely misplaced. *See* Def. Ltr. at 5-6. That case involved the motion to compel a Fed. R. Civ. P. 30(b)(6) deposition of the defendant's corporate representative, not a party-witness, and, unlike the material at issue here, none of the unproduced documents were relevant to that deposition. *See Convermat Corp. v. St. Paul Fire and Marine Ins. Co.,* 06-CV-1045 (JFB) (AKT), 2007 WL 2743679, *3 (Sept. 18, 2007) ("It is not clear from the information provided by the parties what documents may be relevant to the corporate representative's preparation for his deposition."). The relevance of the documents at issue here is beyond dispute.

dated March 15, 2013, plaintiffs informed defendants that the documents remained outstanding. *See* Exhibit 3 to Pls. Ltr. dated April 11, 2013. By letter dated April 12, 2013, defendants indicated that they were continuing to search for the documents. *See* 4/12/13 Ltr. from M. Gertzer to G. Harvis, annexed hereto as Exhibit 1. By letter dated April 14, 2013, plaintiffs informed defendants that they intended to move the Court to compel the material if it was not received by April 22, 2013. *See* 4/14/13 Ltr. from G. Harvis to M. Gertzer, annexed hereto as Exhibit 2. To date, none of the outstanding material has been produced.[4]

Therefore, plaintiffs respectfully request that the Court compel defendants to produce the following material by a date certain:

- Legible copies of D10 (OLPA form for plaintiff Jose Delgado), D14 (OLPA form for plaintiff Liesha Delgado), D19 (Field Test Report) and D38-39 (Command Log Entries for all plaintiffs);

- Personnel files for defendants Casilla, Andreoli, Deftereos, Baker, Gonzalez-Noa, Festino, Colon, Johnson and Roberts;

- Defendant Casilla's CPI;

- Omniform Complaint Report for each plaintiff;

- Scratch copies of the complaint and arrest reports for each plaintiff;

- Relevant Memo Book entries for defendants Casilla, Festino and Colon;

- Central Booking Prisoner Roster(s) as to each plaintiff;

- For inspection and chemical analysis, all property vouchered under D17 (the contraband allegedly recovered in the search of plaintiffs' apartment);

- Post Search Warrant Execution Report;

- Affidavit of Contraband recovered or results of Search Warrant (submitted to Criminal Court);

- The transcript of any proceedings before the Judge who signed the search warrant, conducted in connection with the application for the issuance of the warrant;

---

[4] The undersigned left voicemail messages with defense counsel yesterday and today, requesting confirmation that the material has not been sent, and also e-mailed defense counsel this morning requesting confirmation. None of the messages have been returned as of this writing.

- All affidavits, reports, memoranda, transcripts or other documents reflecting the allegations of any confidential informant (CI) or other informant or undercover officer, upon whose word the search warrant was sought;

- All documentation reflecting the extent of compliance with the NYPD's requirements for determining whether to obtain and also whether to execute the warrants for the search of 80 West 170th Street, Apartment 2A, Bronx, New York, including, but not limited to, (a) all pre-execution documentation required by NYPD Patrol Guide (PG) 212-75 (5), implementing Commissioner's IO-40, 8/25/03, (b) the Formal Pre-Execution Plan and other data required by IO-41, 8/25/03, and (c) the Formal Post-Execution Critiques that must be prepared by the Commanding Officer who supervised execution of the warrants and the review of that Critique by the Borough Executive Officer, required by Commissioner's IO-42, 8/25/03;

- All NYPD documents reflecting what contraband, if any, was found in or near 80 West 170th Street, Apartment 2A, Bronx, New York, including (a) the precise location of each item of contraband, (b) the nature and quantity of said contraband;

- All NYPD documents reflecting all investigative activities conducted by the NYPD into whether plaintiffs had personally engaged in any activity related to drugs or had any prior criminal or drug history, including any inquiry, including interviews with neighbors, and calling or attempting to visit the dwelling, both (i) prior to applying for the search warrant and (ii) prior to executing it;

- All documents reflecting the selection and approval of the CI, or other informant upon whose word the search warrant was sought, as a registered informer;

- All documents reflecting the number of searches conducted as a result of warrants obtained upon the word of the CI or other informant used to obtain the warrant for 80 West 170th Street, Apartment 2A, Bronx, New York, specifying what contraband, if any, was obtained in each search, and what convictions, if any, and for what offenses, resulted;

- OCCB Buy Reports;

- DD5s;

-5-

- Procedures for obtaining search warrants;
- Procedures for executing search warrants;
- The "BADS check" of each plaintiff, including the BADS arrest history report; and
- The "OCA check" of each plaintiff.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

cc: ACC Michael K. Gertzer, Esq.

Encl.