

H A R V I S
W R I G H T
S A L E E M
& F E T T

305 Broadway, 14th Floor
New York, New York 10007
Tel: (212) 323-6880
Fax: (212) 323-6881
www.hwsflegal.com

Gabriel P. Harvis
gharvis@hwsflegal.com
Christopher D. Wright
cwright@hwsflegal.com
Afsaan Saleem
asaleem@hwsflegal.com
Baree N. Fett
bfett@hwsflegal.com

August 29, 2013

**BY ECF**

Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:    *Gonzalez, et al. v. City of New York, et al.*, 12 CV 2776 (JG) (RML)

Your Honor:

     I represent plaintiffs in the above-referenced matter. I write pursuant to Fed. R. Civ. P. 37(a) and 36(a)(6) to respectfully request: (1) an order compelling defendants to produce for inspection the drugs allegedly found in plaintiffs' apartment; (2) that the Court determine the sufficiency of defendants' responses to plaintiffs' Requests to Admit; (3) an order permitting plaintiffs' counsel to enter, inspect and photograph the precinct and central booking cells where plaintiffs were held following their arrests; and (4) an order compelling defendants to designate and produce for deposition a Fed. R. Civ. P. 30(b)(6) witness. Pursuant to Rule 37(a)(1) and Local Civil Rule 37.3(a), plaintiffs certify that they have conferred extensively with defense counsel in good faith prior to making this application in an effort to obtain the relief requested without Court intervention.

**Production of the Invoiced Property**

     By order dated May 16, 2013, defendants were ordered to produce by July 15, 2013, *inter alia*, the drugs they allegedly recovered during their search of plaintiffs' apartment – evidence that is relevant to the action and highly probative of the disputed issues regarding probable cause – material that plaintiffs had moved to compel by letter motion dated April 25, 2013. *See* Docket Entry No. 32 (ordering production of "outstanding discovery outlined in [plaintiffs'] letter dated April 25, 2013").

     Defendants have never produced the material. Instead, by letter dated July 15th, defendants stated that the property "cannot be located." *See* 7/15/13 ltr. from M.

Gertzer to G. Harvis, annexed hereto as Exhibit 1, p. 2. Plaintiffs then noticed the deposition of a Fed. R. Civ. P. 30(b)(6) witness regarding the defendants' efforts to preserve the evidence and the chain of custody. *See* Plaintiffs' Notice of Deposition dated July 24, 2013, annexed hereto as Exhibit 2. In response, by e-mail dated July 24th, defense counsel indicated that his July 15th letter had not been "completely accurate" inasmuch as the property is in the possession of the "Bronx Property Clerk" and not "NYPD." *See* 7/24/13 e-mail from M. Gertzer to G. Harvis, annexed hereto as Exhibit 3.

As the undersigned expressed to defense counsel during our extensive subsequent discussions on this issue, it is entirely unclear why this distinction affects defendants' obligations to produce the material under Rule 34 or justifies defendants' failure to comply with the Court's May 16th order, their misrepresentation as to its existence in their July 15th letter to plaintiffs or their continuing refusal to produce the material at this time. Defendants' only response is that – despite this Court's order – *plaintiffs* must write a letter to defendants' employee/agent at the Property Clerk's office in order to obtain the material. Under the circumstances described above, plaintiffs respectfully request that defendants be ordered to comply with the Court's prior order and produce the material for inspection forthwith.

**Requests for Admission**

Plaintiffs served their First Requests to Admit on April 19, 2013. *See* Plaintiffs' First Requests to Admit, annexed hereto as Exhibit 4. Plaintiffs' straightforward requests merely ask the defendants to admit what their own paperwork definitively establishes: that, prior to their arrests, plaintiffs Liesha Delgado and Liesha Gonzalez were not found in rooms where contraband was allegedly recovered, and that there was no contraband recovered from their persons. Exhibit 4. In their responses, defendants claim – incredibly, and without explanation – that each and every request is so "vague and ambiguous" that it cannot be answered, and that defendants will not have sufficient information to admit or deny until all "part[y] and non-part[y]" depositions have been conducted. *See* Defendants' Objections and Responses to Plaintiffs' First Request to Admit, annexed hereto as Exhibit 5.

> Rule 36(a)(4) provides that if "a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." If a party asserts lack of knowledge or information as a reason for failing to admit or deny, the party must "state that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or

> deny." *Id.* Under Rule 36, the answering party must make "reasonable inquiry and secure such knowledge and information as are readily obtainable ... [and] requires that the party state that he has taken these steps." Fed. R. Civ. P. 36(a) Advisory Committee Notes.

*Whitfield v. Imperatrice*, 08-CV-3395 (CBA)(LB), 2010 WL 1221409, *1 (E.D.N.Y. Mar. 26, 2010). Further, "on a Rule 36(a)(6) motion, '[t]he burden is on the objecting party to persuade the court that there is a justification for the objection.'" *Freydl v. Meringolo*, 09-CV-7196 (BSJ)(KNF), 2011 WL 2566079, *2 (S.D.N.Y. June 16, 2011) (quoting 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2263 (3d ed. 2010)).

Here, the objections are completely unjustified. The sworn Criminal Complaint (DEF22-23), annexed hereto as Exhibit 6, and the "ECAB" notes from the intake personnel in the Bronx County DA's Office (DEF25), annexed hereto as Exhibit 7, establish the contested matters beyond dispute. Therein the officers state conclusively that the contraband was recovered in the living room, while Liesha Gonzalez and Liesha Delgado were both in bedrooms. Even if further information were necessary to admit or deny, there is no merit to defendants' claim that party and non-party depositions are necessary. The requests seek admission regarding defendants' own allegations, i.e. where they claim drugs were found and the plaintiffs were situated. Such further information as is necessary to respond could easily be obtained by defense counsel through inquiry of his clients, precisely the type of "reasonable inquiry" counsel must take to comply with Rule 36. *Whitfield*, 2010 WL 1221409 at *1.

Accordingly, plaintiffs respectfully request that defendants' objections be overruled and that they be directed to answer plaintiffs' requests, or that the requests be deemed admitted.

## Photographs of the Cells

The damages attendant to plaintiffs' false arrest claims encompass a total of approximately 118 hours spent in holding cells at the 52nd Precinct and Bronx Central Booking. For Mses. Delgado and Gonzalez, this arrest was the first and only time they had ever been in police custody. When this case is presented to a jury – whose members will likely have had little, if any, familiarity with jail cells – plaintiffs' damages awards will depend in large measure on the jury's understanding of what it is like to be incarcerated in such cells for that length of time. The best, if not only, way to accurately convey that experience is through photographs of the cells. Indeed, judges

in this district have acknowledged the relevance of such photographs to a § 1983 false arrest claim. *See Nimkoff v. Dollhausen*, 262 F.R.D. 191, 195-196 (E.D.N.Y. 2009) (ordering defendants to produce photographs of precinct cell areas in which false arrest plaintiff was detained).

Thus, plaintiffs served a Notice of Entry Upon Land on April 19, 2013, seeking access to photograph the holding cells pursuant to Rule 34. *See* Plaintiffs' Notice of Entry Upon Land dated April 19, 2013, annexed hereto as Exhibit 8. Defendants refused to permit entry and, by letter dated May 1, 2013, sought a protective order on the basis that, because plaintiffs' incarceration in the cells was "not in dispute," the entry would not lead to discoverable information. *See* Docket Entry No. 29, p. 4.

As explained above, this argument woefully misses the point. The confinement of the plaintiffs to the cells they wish to photograph is the very *res* of their false arrests, and photographic depiction of the cells is so relevant to their damages as to be inseparable from them. *See Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004) ("Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept."); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"); *cf. Nunez v. City of New York*, 11-CV-5845 (LTS)(JCF), 2013 WL 2149869, *2 (S.D.N.Y. May 17, 2013) (discussing the discoverability of material relevant to § 1983 damages claims) (collecting cases).

Defendants did not raise their May 1st letter motion at the telephone conference held on May 6, 2013 and the Court terminated the motion on that date. For the reasons set forth herein, plaintiffs respectfully request an order permitting counsel to enter, inspect and photograph the areas of the 52nd Precinct and Bronx Central Booking where plaintiffs were held. If the Court is disinclined to permit entry into those facilities, plaintiffs respectfully request that the Court order defendants to produce photographs of the relevant areas in accordance with Judge Wall's decision in *Nimkoff*.

**Rule 30(b)(6) Witness**

As we have explained above, plaintiffs Liesha Delgado and Liesha Gonzalez were arrested in this case, even though there is no evidence in the record that either of them possessed contraband or were present in the vicinity of any contraband allegedly recovered during the search. Plaintiffs have sought, unsuccessfully, to obtain discovery regarding NYPD policies for obtaining and executing search warrants, in order to understand whether the defendants' arrests of the plaintiffs was officially

sanctioned and in accordance with NYPD operating procedures. *See Handschu v. Special Services Div.*, 273 F.Supp.2d 327, 347 (S.D.N.Y. 2003) ("In civil rights actions brought to enforce rights created by the Constitution and § 1983, the contents of police patrol guides or other internal procedural guidelines have been regarded as relevant to a determination of whether a violation of such rights occurred.") (collecting cases); *see also Sorensen v. City of New York*, 98-CV-3356 (HB), 2000 WL 1528282, *1, 16 (S.D.N.Y. Oct. 16, 2000) (NYPD Patrol Guide admitted into evidence in jury trial of § 1983 claims including false arrest and unconstitutional strip search); *Cerbelli v. City of New York*, 99-CV-6846 (ARR), 2008 WL 4449634, *23 (E.D.N.Y. Oct. 1, 2008) ("To determine whether a defendant acted with reasonable care, the court may turn toward departmental guidelines, such as the Patrol Guide, to discern the relevant duty of care required from a police officer.") (citation omitted).

Although defendants were instructed by the Court in its May 16th order to produce the procedures for obtaining and executing search warrants, they have not done so to date. The only policy documents defendants have produced are general Patrol Guide sections relating to arrests and officer misconduct that do not relate to search warrants or the issues presented in this case.

On April 19, 2013, plaintiffs noticed the deposition of a 30(b)(6) witness to be designated by the City of New York to testify on, *inter alia*, the procedures for executing search warrants and determining whom to arrest during warrant execution. *See* Notice of Rule 30(b)(6) deposition, annexed hereto as Exhibit 9. Pursuant to Rule 34, the Notice called for the witness to produce relevant documents at the deposition. Defendants did not designate or produce a witness and failed to produce any of the relevant documents. Rather, defendants moved for a protective order in their May 1st letter motion, on the basis that the absence of a *Monell* claim precluded such discovery. However, as the authority above makes plain, the discovery sought by plaintiffs is relevant to their false arrest claims and, at the very least, will likely lead to the discovery of admissible evidence within the meaning of Rule 26. The Court terminated defendants' letter motion on May 6th. Plaintiffs respectfully request that the Court overrule defendants' purported objections and order them to produce a qualified witness, along with the relevant documents.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

-6-

Encl.


cc:     ACC Michael K. Gertzer, Esq.